UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF FLORIDA
LEXINGTON DIVISION

JASON W. ABNEY, individually &
on behalf of all similarly situated,

    Plaintiff(s),

                                                                                  Case Number _____

v.

R.J. CORMAN RAILROAD GROUP, LLC

    Defendant.

_____/

## Complaint

1.     The named Plaintiff, Jason W. Abney, individually and on behalf of all similarly situated, sues Defendant, R.J. Corman Railroad Group, LLC, pursuant to 29 U.S.C. § 216(b) for unpaid overtime.

2.     Defendant is a domestic limited liability company.

3.     Defendant conducts business in, among other states, Kentucky.

4.     Named Plaintiff worked for Defendant from August 2015 through March 2017.

5.     Named Plaintiff worked for Defendant as an operator and laborer.

6.     The Honorable Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

7.     Defendant provides railroad construction and maintenance services.

8.     Defendant expects that operator and laborers will travel from project locations away from home back to home without compensation.

1

9. Plaintiff(s) are paid an hourly wage for hours in which they perform manual labor at the site of their assigned projects and travel to their project site.

10. Defendant did not pay Plaintiff(s) for all time spent travelling away from a home site and back.

11. Defendant pays Plaintiff(s) per hour.

12. Defendant's Travel Pay Policy violates 29 U.S.C. § 207(a)(1).

13. Plaintiff(s) regularly work over forty hours a week and receive overtime for some hours of overtime but not all hours of overtime worked.

14. Specifically Plaintiff(s) are not paid all overtime due to Defendant's Travel Pay Policy.

15. For instance during a workweek an operator and/or laborer are required to travel from their home state (e.g. Kentucky) to a different state (e.g. New York). Defendant fails to compensate them for all their compensable travel from the state where they worked back to their home state and vice versa.

16. This complaint covers only travel away from home. It does not encompass any travel time excluded by the Portal-to-Portal Act.

17. An employer must pay an employee overtime pursuant to 29 U.S.C. § 207(a)(1).

18. Defendant did not comply with 29 U.S.C. § 207 as it relates to Plaintiff(s).

19. Defendant has annual gross revenues of over $500,000.

20. Defendant employs employees that handle goods or materials that have moved in interstate commerce, such as vehicles, cell phones, tools and materials.

21. Defendant is an enterprise as defined by 29 U.S.C. § 203(r).

22. Defendant is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1)(A).

23. Defendant employed named Plaintiff.

24. Defendant was named Plaintiff's employer as defined by 29 U.S.C. § 203(d).

25. Defendant willfully violated the FLSA.

26. Defendant acted in reckless disregard of the FLSA.

27. Plaintiff(s) are owed overtime for the work they performed for Defendant.

28. Defendant has been the employer of Plaintiff(s) as defined by 29 U.S.C. § 203(d).

29. Defendant did not pay Named Plaintiff for travel that is all in the day's work pursuant to 29 C.F.R. § 785.38.

30. Defendant did not pay Named Plaintiff for travel away from home community pursuant to 29 C.F.R. § 785.39.

31. The Plaintiff(s) had similar job duties.

32. The Plaintiff(s) were paid pursuant to the same pay policy.

33. There are similarly situated employees to named Plaintiff that would like to recover unpaid overtime.

Wherefore, Plaintiff(s) demand pursuant to Section 16(b) of the FLSA facilitation of notice of rights to putative class members, conditional class certification, class certification, unpaid overtime, liquidated damages, judgment, attorneys' fees and costs.

Respectfully submitted this 13th day of June 2017,

*/s/ Bernard R. Mazaheri*
Bernard R. Mazaheri
Morgan & Morgan
333 W Vine St Ste 1200
Lexington, Kentucky 40507
Tel – (859)286-8368
Email – bmazaheri@forthepeople.com