UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| JASON W. ABNEY, etc., | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. 5: 17-260-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| R.J. CORMAN RAILROAD GROUP, LLC, | ) | **MEMORANDUM OPINION AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is pending for consideration of Plaintiff Jason Abney's motion for conditional certification of a collective action and facilitation of notice to potential class members. [Record No. 9] Abney has filed a Complaint [Record No. 1] against his former employer, Defendant R. J. Corman Railroad Group, LLC ("RJC Group"), on his own behalf and on behalf of other similarly-situated individuals, for overtime compensation relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207(a), 216(b). Abney has filed the declarations of Corey York [Record No. 10-13], Brandon Smith [Record No. 11-1], Charles Johns [Record No. 16-1], James Mattingly [Record No. 16-2], and Ryan Dempsey [Record No. 17-1], who have consented to join the case.

The underlying allegations, as set forth in Abney's Complaint and declaration, are as follows: The defendant provides railroad construction and maintenance services. [Record No.1, ¶ 7] Abney worked for "R.J. Corman Railroad" as an operator and laborer from August 2015 through March 2017. [Record No. 9-5, ¶ 3] He was required to travel to project locations away from home. [Record No. 1, ¶ 8] Abney and similarly-situated individuals were not paid

for all time spent traveling away from their home site and back, in violation of 29 U.S.C. § 207(a)(1). [Record No. 1, ¶¶ 10, 12] He defines similarly-situated individuals as "all Operators/Laborers who worked for Defendant from June 2014 to the present, who worked more than forty (40) hours per week and were paid an hourly rate plus overtime, but not paid for all travel time from: (a) home site to assigned project location; (b) one assigned project location to another assigned project location; and/or (c) an assigned project location back to home site." [Record No. 9, p. 2] Abney seeks conditional certification as a collective action and requests that the Court facilitate the notice to potential collective action plaintiffs.

**I.**

An action to recover unpaid overtime compensation under the FLSA may be maintained against any employer by "any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). The FLSA collective action mechanism serves an important remedial purpose and allows plaintiffs who have suffered relatively small monetary harm to join a larger pool of similarly-situated plaintiffs. *Gunn v. NPC, Int'l, Inc.*, 625 F. App'x 261, 267 (6th Cir. 2015).

Courts within the Sixth Circuit apply a two-step approach to determine whether a collective action is proper. *White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012). During the "notice stage," the Court determines whether the plaintiff has presented sufficient evidence of similarly-situated putative plaintiffs to warrant court-facilitated notice and to conduct discovery. *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 545 (6th Cir. 2006). The plaintiff must establish at least a "colorable basis" for his claim that a class of similarly-

situated putative plaintiffs exists and that the class members together were victims of an unlawful policy. *Berry v. Office of the Fayette Cnty. Sheriff*, No. 5: 14-CV-356, 2015 WL 476320, at *2 (E.D. Ky. Feb. 5, 2015). This standard is fairly lenient and typically results in conditional certification of a representative class. *Comer*, 454 F.3d at 547. If the district court conditionally certifies the class, putative class members are given notice and the opportunity to opt-in. At the second stage, following discovery, the court examines more closely the question of whether the members of the class are, in fact, similarly situated. *Id.*

Abney has submitted the declarations of Brandon Smith [Record No. 11-1], Corey York [Record No. 10-13], Charles Johns [Record No 16-1], James Mattingly [16-2], and Ryan Dempsey [Record No. 17-1], who have consented to opt-in to the lawsuit. Some of these individuals, including Abney, attested that they were employed as operators or laborers for "R.J. Corman" and that they similarly were not paid for all travel hours worked. [Record Nos. 9-5; 10-13; 11-1; 16-1] The defendant concedes, however, that Abney and Smith worked for Defendant R.J. Corman Railroad Group during the relevant time period. [Record No. 13-1] Mattingly and Dempsey reported that they worked as operators/laborers for the defendant and, like Abney, were not paid properly for all travel hours worked. [Record Nos. 16-2; 17-1] Additionally, York and Smith alleged that they had talked with other co-workers about being underpaid for travel hours worked. [Record Nos. 10-13, p. 2; 11-1, p. 2]

The plaintiff has provided additional evidence that may suggest a widespread failure to pay operators/laborers for all overtime hours resulting from travel away from home. [Record No. 12-1] Corman Railroad Services recently issued a letter to its current employees indicating that it "recently began reviewing its travel pay practices to determine compliance with the [FLSA]." [Record No. 14, p. 1] Having determined that a bona dispute regarding overtime

pay for travel hours existed, Corman Railroad Services offered payments to employees. *Id.* at pp. 1-2. Abney filed several of the defendant's recent job postings for operator/laborer which state that extensive travel is required for the position. [*See* Record Nos. 9-10.]

The FLSA does not define "similarly situated," but it is clear that plaintiffs are similarly situated when they suffer from a single, FLSA-violating policy, and when proof of that policy or of conduct in conformity with that policy proves a violation as to all the plaintiffs." *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 585 (6th Cir. 2009) (abrogated on other grounds by *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663 (2016)). There is no specific minimum number of opt-in plaintiffs required to establish a showing of sufficient interest. *Martin v. Psalms, Inc.*, No. 2: 10-CV-2532, 2011 WL 2882387, at *8 (W.D. Tenn. July 15, 2011). Instead, the relevant inquiry is whether there are similarly-situated employees who desire to opt in. The plaintiff must show only that his position is similar, not identical, to positions held by putative class members. *Comer*, 454 F.3d at 546-47.

Abney has shown that at least three of the defendant's former employees (Smith, Mattingly, and Dempsey) wish to opt in to this action. Smith, Mattingly, and Dempsey, like Abney, attested that they worked for the defendant as operators/laborers and were subject to the same travel pay policy that deprived them of proper overtime pay when working away from home. [Record Nos. 11-1, 16-2, 17-1] Additionally, two other individuals formerly employed under the R.J. Corman umbrella of companies (York and Johns) make the same claims. [Record Nos. 10-13; 16-1] Accordingly, the plaintiff has made the minimal showing for conditional certification required at the notice stage.

Abney's proposed notice of lawsuit would provide notice to "all 'operators/laborers' who worked for defendant from June 2014 to the present. . . ." [Record No. 9-1, p.1] Although

R.J. Corman Group is the only named defendant, Abney contends that notice should be provided to employees of sixteen entities "own[ed], operat[ed]" or which "conduct business" R.J. Corman Group.[1]  [Record No. 9, p. 3]  The parties have devoted substantial argument to the question of whether the defendant and these allegedly related entities are an enterprise or a single employer for purposes of the FLSA.  However, these are merit-based arguments which the Court may not evaluate at this stage.  *See Ji Li v. Ichiro Rest. Inc.*, No. 14-cv-10232, 2015 WL 6828056, at *3 n.3 (S.D.N.Y. Nov. 5, 2015); *Ali v. Sugarland Petroleum*, No. 4: 09-cv-170, 2009 WL 5173508, at *4 (S.D. Tex. Dec. 22, 2009).  Discovery is in its infancy and the record is too limited for such analysis.  Further, at the notice stage, certification is conditional and by no means final.  *Comer*, 454 F.3d at 546.  These arguments may be raised later in a motion to decertify or for summary judgment, when the record is fully developed and the Court can properly analyze the issues.

## II.

The defendant has suggested additional clarifying language to paragraphs one and six of the plaintiff's Proposed Notice.  [Record No. 13, p. 13]  The additional proposed language is not substantive in nature and is consistent with the plaintiff's Proposed Notice.  Further, it does not appear that the plaintiff objects to the addition of the language.  Accordingly, the

---

[1] The entities are: R.J. Corman Aircraft Maintenance, LLC; R.J. Corman Aviation Services, LLC; R.J. Corman Derailment, Services, LLC; R.J. Corman Distribution Centers, LLC; R.J. Corman Equipment Company, LLC; R.J. Corman Railroad Company, LLC; R.J. Corman Railroad/Ashland LLC; R.J. Corman Railroad Company/Bardstown Line; R.J. Corman Company/Central Kentucky Lines, LLC; R.J. Corman Railroad Construction, LLC; R.J. Corman Railroad Company/Material Sales; R.J. Corman Company/Memphis Line; R.J. Corman Railroad Property, LLC; R.J. Corman Railroad Services, LLC; R.J. Corman Railroad Switching Company, LLC; and R.J. Corman Railroad Company/Tennessee Terminal, LLC.

proposed language at Record No. 13, page 13 shall be added to the Notice before it is sent to the potential class members.

The plaintiff has not explained why a follow-up notice prior to the close of the notice period is necessary. Further, there is no indication that notice should be posted at the potential plaintiffs' worksites. "In FLSA cases, first-class mail is generally considered to be the best notice practicable to ensure that proper notice is received by potential class members." *Lindberg v. UHS of Lakeside, LLC*, 761 F. Supp. 2d 752, 765 (W.D. Tenn. 2011). As the defendant points out, only current employees would see the posted notice and the plaintiff will be provided the current address for those individuals. Finally, the plaintiff has not demonstrated a need for the defendant's employees' birth dates and telephone numbers. Accordingly, the defendant's request to limit disclosure of its employees' personally identifying information will be granted, in part.

The defendant objects to Abney's proposed three-year statute of limitations, contending that its actions were not a willful violation of the FLSA. The ordinary statute of limitations in a FLSA action is two years, but a willful violation extends the limitations period to three years. 29 U.S.C. § 255(a). The three year statute of limitations may apply when the employer knowingly violates the FLSA or when it disregards the possibility that it might be violating the FLSA. *Allen v. Bd. of Pub. Educ.*, 495 F.3d 1306, 1324 (11th Cir. 2007). It is inappropriate to attempt to determine whether the defendant willfully violated the FLSA at this stage of the proceedings. Accordingly, a three-year look-back period for purposes of providing notice is appropriate.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1.      The plaintiff's motion for conditional certification [Record No. 9] is **GRANTED**.

2.      The proposed collective FLSA class is conditionally certified as:

All current and former Operators/Laborers who worked for Defendant from June 2014 to the present, who worked more than forty (40) hours per week in one or more work weeks and were paid hourly rates plus overtime, but who were not paid for all travel time from: (a) home site to assigned project location; (b) one assigned project location to another assigned project location; and/or (c) an assigned project location back to home site.

3.      The defendant shall produce, in an electronic readable format to Plaintiff's counsel within **fourteen (14) days** a list containing the full names, job titles, last known addresses, personal e-mail addresses, and dates of employment for all putative class members who worked as Operators/Laborers for Defendant between June 2014 and the present.

4.      Neither party shall engage in any contact with any individual disclosed as a putative class member for reasons related to this litigation until after such individual's Consent to Join has been filed;

5.      Plaintiff's counsel shall send Notice, consistent with this Memorandum Opinion and Order, to all individuals whose names appear on the list produced by the defendant's counsel by first-class mail; and

6.      All individuals whose names appear in the list produced by the defendant's counsel shall have **sixty (60) days** from the date the notices are mailed to file a Consent to Join form in this action.

This 29th day of August, 2017.


Signed By:
*Danny C. Reeves* DCR
United States District Judge